IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMOND P. GABRIEL, | ) | CIVIL NO. 17-00548 JAO-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT DEFENDANT SECURITAS |
| vs. | ) | SECURITY SERVICES USA, INC.'S |
| | ) | MOTION TO COMPEL ARBITRATION |
| SECURITAS SECURITY SERVICES USA, INC., | ) | AND TO STAY THIS LITIGATION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S
MOTION TO COMPEL ARBITRATION AND TO STAY THIS LITIGATION[1]

Before the Court is Securitas Security Services USA, Inc.'s Motion to Compel Arbitration ("Motion"). See ECF No. 30. Plaintiff filed an Opposition on March 11, 2019. See ECF No. 33. Defendant filed its Reply on March 18, 2019. See ECF No. 34. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). See ECF No. 31. After careful consideration of the filings of the parties and the relevant legal authority, the Court FINDS AND RECOMMENDS[2] that

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

[2] There is a split among district courts whether a motion to compel arbitration is a dispositive motion, requiring a findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), or a

1

Defendant's Motion be GRANTED and that this litigation be STAYED pending arbitration.

BACKGROUND

This is an employment discrimination case based on alleged violations of the Americans with Disabilities Act. Plaintiff was hired by Defendant in 2012, and was terminated in 2016. ECF No. 1 ¶¶ 3, 4, 8, 14. Prior to his employment, Plaintiff signed a Dispute Resolution Agreement ("Agreement"), which "applies to any dispute arising out of or related to Employee's employment, or termination of employment." ECF No. 30-3. The Agreement applies "to the resolution of disputes that otherwise would be resolved in a court of law" and "requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial." ECF No. 30-3. The Agreement also expressly states that it applies to claims arising under the Americans with Disabilities

---

non-dispositive motion, which can be disposed of with an order pursuant to 28 U.S.C. § 636(b)(1)(A). See, e.g., Amisil Holdings Ltd. v. Clarium Capital Mgmt., 622 F. Supp. 2d 825, 827 n.1 (N.D. Cal. 2007) (listing cases); see also Langell v. Ideal Homes LLC, No. 16-CV-00821-HRL, 2016 WL 8711704, at *4 (N.D. Cal. Nov. 18, 2016), *adopted by*, 2016 WL 10859440 (N.D. Cal. Dec. 7, 2016). It appears that the practice in this district is to treat such motions as dispositive. See, e.g., Hawaiian Telcom Commc'ns, Inc. v. Tata Am. Int'l Corp., Civ. No. 10-00112 HG-LEK, 2010 WL 2594482 (D. Haw. May 24, 2010) (issuing findings and recommendation to grant motion to compel arbitration). In an abundance of caution, the Court will treat the Motion as dispositive and issues the instant Findings and Recommendation.

Act.  Id.  The Agreement contains an affirmative statement that Plaintiff has read and understands all of the terms and was signed by Plaintiff and a witness.  Id.

Plaintiff filed this action on November 6, 2017.  ECF No. 1.  Defendant filed its Answer on December 27, 2017, which made no reference to the Agreement.  See ECF No. 8.  At a Status Conference before the district judge on February 14, 2019, it appears that Defendant raised the issue of arbitration for the first time.  ECF No. 26.  The present Motion followed.  This case is set for trial on May 13, 2019.  See ECF No. 20.

## ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract."  9 U.S.C. § 2; Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 114 (2001) (holding that the FAA is not limited to commercial contracts but also includes employment contracts).  The FAA provides that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see also Lowden v. T-Mobile USA,

Inc., 512 F.3d 1213, 1217 (9th Cir. 2008) ("Congress enacted the FAA more than eighty years ago to advance the federal policy favoring arbitration agreements.").

In deciding whether to compel arbitration, "the court must determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Lowden, 512 F.3d at 1217 (quotation and citation omitted). "If the answer is yes to both questions, the court must enforce the agreement." Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (citations omitted). To determine whether a valid arbitration agreement exists, the court must apply "ordinary state-law principles that govern the formation of contracts." Norcia v. Samsung Telecomms. Am., LLC, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). In making this determination, the Court must also consider "what is unconscionable and unenforceable under . . . state law." Lowden, 512 F.3d at 1217.

Under Hawaii law, a valid arbitration agreement must be in writing, reflect an unambiguous intent to submit disputes to arbitration, and be supported by consideration. Siopes v. Kaiser Found. Health Plan, Inc., 312 P.3d 869, 878 (Haw. 2013). Plaintiff does not dispute that the Agreement is in writing, that the parties intended to submit all employment disputes to

4

arbitration, and that the Agreement was supported by consideration.  See ECF No. 33.  However, Plaintiff argues that the Agreement cannot be enforced because it is unconscionable.  Id.  "Hawaii courts recognize unconscionability as a defense to enforcement of an arbitration agreement."  S. Glazer's Wine & Spirits, LLC v. Denyer, No. CV 17-00407 JMS-RLP, 2017 WL 6417810, at *7 (D. Haw. Dec. 15, 2017) (citing Gabriel v. Island Pac. Acad., Inc., 400 P.3d 526, 537-38 (Haw. 2017)).  Under Hawaii law, "a determination of unconscionability requires a showing that the contract was both procedurally and substantively unconscionable when made."  Balogh v. Balogh, 332 P.3d 631, 643 (Haw. 2014) (citation omitted); see also Branco v. Norwest Bank Minn., N.A., 381 F. Supp. 2d 1274, 1280-81 (D. Haw. 2005) (discussing unconscionability under Hawaii law).  Here, Plaintiff argues that the Agreement is procedurally unconscionable because the print of the Agreement is unreasonably small and substantively unconscionable because Plaintiff is required to pay for some arbitration costs.  Id.  The Court disagrees.

　　　　First, the Court finds that the Agreement is not procedurally unconscionable based on the small print.  Courts may consider "the use of fine print in the contract" as one factor in determining procedural unconscionability.  See Narayan v. The Ritz-Carlton Dev. Co., Inc., 400 P.3d 544, 552 (Haw. 2017) (citation omitted).  However, the facts of this case do not

5

support such a finding.  Although the Agreement appears to be a standard form in small print, the Agreement is titled "DISPUTE RESOLUTION AGREEMENT" in all capital letters, which is repeated at the bottom of the document next to Plaintiff's signature.  ECF No. 30-3.  The Agreement contains eight separate numbered paragraphs detailing the agreement to arbitrate.  Id.  Although Plaintiff's Declaration states that he was not able to read the document on the date he signed it because of the small print, he does not dispute that he did sign it.  ECF No. 33-3 ¶ 3.  Plaintiff's Declaration states that he was not asked if he could read the document or if he understood it prior to signing, but the Agreement contains the statement "I HAVE READ AND UNDERSTAND AND AGREE TO ALL OF THE TERMS CONTAINED IN THIS DISPUTE RESOLUTION AGREEMENT," in all capital letters next to Plaintiff's signature.  See ECF No. 33-3 ¶ 3; ECF No. 30-3.  Plaintiff does not dispute that he was given an opportunity to review the Agreement before he signed it.  See ECF No. 33-3.  Based on the facts of this case, the Court finds that the small print does not render this Agreement procedurally unconscionable.

Second, the Court finds that the Agreement is not substantively unconscionable based on the cost provision.  The Supreme Court has rejected the position that an arbitration agreement is unenforceable because it may potentially result in substantial arbitration costs.  Green Tree Fin. Corp.-Alabama v.

Randolph, 531 U.S. 79, 89 (2000). In that case, the arbitration agreement was silent as to costs and the Supreme Court held that the possibility that one party "will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." Id. at 91. The Hawaii Supreme Court has rejected a *per se* rule that cost-splitting provisions are unconscionable and has held that "whether cost-splitting in arbitration is unconscionable depends on the facts of each case." Gabriel v. Island Pac. Acad., Inc., 400 P.3d 526, 538 (Haw. 2017). Here, the cost provision in the Agreement provides that Defendant will pay the arbitrator's and the arbitration fees "where required by law," and if Defendant is not required to pay by law, the fees "will be apportioned between the parties" in accordance with the law by the arbitrator. ECF No. 30-3. The Court notes that the Agreement provides that the arbitration will be conducted within 45 miles of where Plaintiff resides and will be conducted by an attorney or a retired judge mutually agreed to by the parties. Id. Plaintiff's Declaration states that paying for arbitration will be a hardship for him because his gross income is approximately $17,000, in addition to social security and retirement benefits. ECF No. 33-1 ¶ 5. Looking at the facts of this case, the Court finds that Plaintiff has failed to establish substantive unconscionability based on cost. The Agreement's provisions do not necessarily suggest that the cost

of arbitration will be prohibitive. The Agreement requires the arbitration to be conducted locally and does not require the parties to use any particular administrative service, which may aid in keeping the costs low. Based on these facts, the Court finds that the Agreement is not unconscionable based on the cost provision. Because Plaintiff has failed to demonstrate that the Agreement is unconscionable, the Court FINDS AND RECOMMENDS that the district court GRANT Defendant's Motion.

The FAA provides that the district court shall stay any pending litigation until arbitration has been held in accordance with the terms of the arbitration agreement. See 9 U.S.C. § 3. Accordingly, the Court RECOMMENDS that the district court STAY this action pending arbitration and DIRECT the parties to file a status report regarding arbitration no later than September 2, 2019.

## CONCLUSION

In accordance with the foregoing, the Court FINDS that a valid and enforceable arbitration agreement exists and RECOMMENDS that the district court GRANT Defendant Securitas Security Services USA, Inc.'s Motion to Compel Arbitration, STAY this litigation pending arbitration, and DIRECT the parties to file a status report regarding arbitration no later than September 2, 2019.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 25, 2019.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**GABRIEL V. SECURITAS SECURITY SERVICES USA, INC.; CIVIL NO. 17-00548 JAO-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY THIS LITIGATION**